**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| RASHID A. HOLBROOK | * | |
| Plaintiff | * | |
| v | * | Civil Action No. WDQ-10-2567 |
| JOHN S. WOLFE | * | |
| JOHN MOSS, P. A. | | |
| | * | |
| Defendants | | |

\*\*\*

### MEMORANDUM

Rashid Holbrook, a prisoner at Jessup Correctional Institution, sued John S. Wolfe, Jessup's Warden, and John Moss, P.A., for violations of 42 U.S.C. § 1983. Pending is Defendant John S. Wolfe's Motion to Dismiss or for Summary Judgment.[1] ECF Nos. 21 and 25. The Plaintiff has not filed a response.[2] Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2011). For the reasons that follow, Wolfe's motion will be granted.

### Background

Holbrook alleges that he is the victim of a gunshot wound to the face and he has been denied medical care for the reconstruction of his face and teeth. ECF No. 1. He alleges that Defendant John Moss never requested the necessary surgical consultation. Holbrook filed several administrative remedy requests asking that Wolfe direct he receive medical attention. *Id.*

---

[1] P.A. Moss has not been served with the complaint. The appropriate service order shall issue.

[2] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on November 7, 2011, Holbrook was notified that Defendant had filed a dispositive motion, the granting of which could result in the dismissal of his action. ECF No. 22. Holbrook was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. *Id.*

Wolfe argues, among other things, that Holbrook received adequate care, and Wolfe relied on the expertise of the medical staff.  ECF No. 21.

## Standard of Review

Under Fed. R. Civ. P. 56(a):

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

Summary judgment is appropriate under Rule 56(c) of the Federal Rules of Civil Procedure when there is no genuine issue as to any material fact, and the moving party is plainly entitled to judgment in its favor as a matter of law.  In *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) the Supreme Court explained that in considering a motion for summary judgment, the "judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248.  Thus, "the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Id*. at 252.

The moving party bears the burden of showing that there is no genuine issue as to any material fact.  No genuine issue of material fact exists if the nonmoving party fails to make a sufficient showing on an essential element of his or her case as to which he or she would have the burden of proof.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Therefore, on those issues on which the nonmoving party has the burden of proof, it is his or her responsibility

2

to confront the summary judgment motion with an affidavit or other similar evidence showing that there is a genuine issue for trial.

In undertaking this inquiry, a court must view the facts and the reasonable inferences drawn therefrom "in a light most favorable to the party opposing the motion." *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)); *see also E.E.O.C. v. Navy Federal Credit Union*, 424 F.3d 397, 405 (4th Cir. 2005). The mere existence of a "scintilla"of evidence in support of the non-moving party's case is not sufficient to preclude an order granting summary judgment. *See Anderson*, 477 U.S. at 252.

A "party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences." *Shin v. Shalala*, 166 F.Supp.2d 373, 375 (D. Md. 2001) (citation omitted). The court has an affirmative obligation to prevent factually unsupported claims and defenses from going to trial. *See Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993) (quoting *Felty v. Graves-Humpreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987)).

### Analysis

Section 1983 liability on the part of a supervisor requires a showing that: (1) the supervisory defendant failed promptly to provide an inmate with needed medical care, (2) the supervisory defendant deliberately interfered with the prison doctors' performance, or (3) the supervisory defendant tacitly authorized or was indifferent to the prison physicians' constitutional violations. *See Miltier v. Beorn*, 896 F. 2d 848, 854 (4th Cir. 1990). In his complaint, Holbrook makes no specific allegations against Defendant Wolfe; rather, it appears that Holbrook seeks to hold Wolfe responsible for his alleged lack of medical care due solely

because Wolfe is the Warden of the institution and reviewed his administrative requests for relief. Holbrook seeks to hold Wolfe responsible because the alleged violation happened while Holbrook was under his authority. This is the doctrine of respondeat superior, which has no place in 1983 litigation. *Miltier*, 896 F.2d at 854.

Further, Wolfe provided evidence, which Holbrook did not dispute, that Jessup has provided extensive medical care for Holbrook's chin, and other medical concerns. ECF No. 21 Attachs. 3, 4. Wolfe also showed that he reviewed Holbrook's request for medical treatment and denied them because Holbrook was receiving adequate care for his jaw. ECF No. 21 Attach. 8. The evidence also shows that the care has continued, and on October 19, 2011, Holbrook was approved for another reconstructive jaw surgery. ECF No. 21 Attach. 3 at 3. Wolfe is entitled to summary judgment in his favor.

Accordingly, a separate Order will be entered granting the pending dispositive motion and requiring further efforts at service or process as to the unserved Defendant.

$\frac{3}{\text{Date}}$ /14/12

William D. Quarles, Jr.
United States District Judge

4